UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIOT PILTON,

        Petitioner,

                              CASE NO. 15-13421
v.                         HONORABLE NANCY G. EDMUNDS

THOMAS MACKIE,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY
(ECF NO. 2) AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

Petitioner Elliot Pilton has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 and a motion to hold the petition in abeyance. For the reasons that follow, the Court will grant Petitioner's motion for a stay and close this case for administrative purposes.

### I. Background

On January 26, 2015, Petitioner filed a freestanding motion for a stay in this Court. The Court denied Petitioner's motion and dismissed his case without prejudice because Petitioner did not file a petition for writ of habeas corpus with his motion and because he did not specify what conviction, if any, he wished to challenge or what claims he wished to raise. The dismissal was without prejudice to Petitioner filing a petition for writ of habeas corpus and a proper motion to hold the petition in abeyance. *See Pilton v. Michigan*, No. 15-10455, (E.D. Mich. Feb. 12, 2015).

On September 28, 2015, Petitioner commenced this action by filing a petition for writ of habeas corpus and a motion to hold the petition in abeyance. The habeas petition and attachments indicate that Petitioner was convicted in Oakland County, Michigan of: conspiracy to deliver or manufacture 1,000 or more grams of cocaine, Mich. Comp. Laws § 750.157a; Mich. Comp. Laws § 333.7401(2)(a)(i); delivery or manufacture of 1,000 or more grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(i); and third-degree fleeing and eluding, Mich. Comp. Laws § 257.602a(3)(a). The trial court sentenced Petitioner to concurrent terms of fifteen to forty years in prison for the conspiracy and cocaine convictions and three to seven (or seven and a half) years in prison for the fleeing-and-eluding conviction. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished decision, *see People v. Pilton*, No. 306212 (Mich. Ct. App. Jan. 3, 2013), and, on September 29, 2014, the Michigan Supreme Court denied leave to appeal. *See People v. Pilton*, 497 Mich. 867; 854 N.W.2d 105 (2014).

Petitioner asserts as grounds for relief in his pending habeas corpus petition that: (1) the prosecutor's "false light" arguments deprived him of a fair trial, and counsel's failure to object establishes "cause;" (2) defense counsel was ineffective for stipulating to allow a state police officer to testify as an expert on street-level drug dealing and drug-courier profiles; (3) defense counsel was ineffective for failing to request a jury instruction that a buyer/seller relationship does not constitute a conspiracy; alternatively, the failure to give the instruction was plain error; and (4) the trial court erred in admitting "similar acts" testimony to bolster the informant's testimony.

In his pending motion for a stay, Petitioner asks the Court to hold his habeas petition in abeyance while he exhausts state remedies for the following additional issues:  (1) whether the trial court erred by admitting drug-profile testimony absent a proper foundation, and whether the failure to give a cautionary or limiting instruction allowed the jury to use the testimony as substantive evidence of guilt; (2) whether Petitioner's right to due process was violated by the misstatement of a material fact, and whether the breach of the stipulation between the defense and prosecution violated Petitioner's due process rights; (3) whether the trial court erred in failing to direct a verdict of acquittal; (4) whether the trial court violated Petitioner's Sixth Amendment rights by using the Michigan sentencing guidelines to enhance his sentence; (5) whether trial counsel was ineffective for failing to preserve these issues and whether appellate counsel was ineffective for failing to raise the issues on appeal; and (6) whether a collateral attack is permissible if the original court rendered a judgment on void subject matter.

## II.  Analysis

**A.  The Exhaustion Doctrine and Stay-and-Abeyance Procedure**

The doctrine of exhaustion of state remedies requires state prisoners to "give the state courts an opportunity to act on [their] claims before [they] present[] those claims to a federal court in a habeas petition."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State."  *Id.* at 845, 847.  Thus, to properly exhaust state remedies, a

prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising the claims in a habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009).

Federal district courts have authority to grant stays, and in appropriate cases, they may hold a habeas petition in abeyance while an inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). After the inmate exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id*. at 275-76.

This stay-and-abeyance procedure is appropriate in "limited circumstances," *id*. at 277, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. In such circumstances, the district court should stay, rather than dismiss, the habeas petition because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*.[1]

## B. Application

Petitioner appears to have exhausted state remedies for his current claims, but he wants to raise additional claims, which he has not yet presented to the state trial court. The unexhausted claims are not plainly meritless, and Petitioner is not engaged in dilatory litigation tactics. Moreover, he implies that appellate counsel was "cause" for

---

[1] *Rhines* involved a "mixed" petition of exhausted and unexhausted claims, whereas the habeas petition in this case appears to raise only exhausted claims. The Court nevertheless finds the *Rhines* factors helpful in determining whether to hold Petitioner's case in abeyance. *Cf. Thomas v. Stoddard*, 89 F. Supp. 3d 937, 941-43 (E.D. Mich. 2015) (noting that, although Thomas's habeas petition was not "mixed," as in *Rhines,* the *Rhines* factors were not irrelevant).

his failure to raise his unexhausted claims on direct appeal, and a dismissal of this case while Petitioner pursues additional state remedies would probably result in a subsequent petition being barred by the one year statute of limitations found in 28 U.S.C. § 2244(d). The Court concludes that it is not an abuse of discretion to stay this case while Petitioner returns to state court to pursue additional state remedies. The Court therefore grants Petitioner's motion for a stay (ECF No. 2).

As a condition of this stay, the Court orders Petitioner to file a motion for relief from judgment in the state trial court within **ninety (90) days** of the date of this order. If Petitioner is unsuccessful in state court and wishes to return to federal court, he must file an amended habeas corpus petition and a motion to re-open this case within **ninety (90) days** of exhausting state remedies for his new claims. The caption of the motion and amended petition shall include the same case number that appears on this order, and because amended pleadings generally supersede original pleadings, *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 617 (6th Cir. 2014), the amended habeas petition must include all the claims that Petitioner wants the Court to consider. Failure to comply with the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

The Court orders the Clerk of the Court to close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

                                          s/ Nancy G. Edmunds
                                          NANCY G. EDMUNDS
Dated: January 26, 2016          UNITED STATES DISTRICT JUDGE